**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Colin S. Smith,<br><br>Plaintiff,<br><br>v.<br><br>USA,<br><br>Defendant. | Civil No. 3:26-cv-01339 (KAD)<br><br>September 16, 2026 |

**RECOMMENDED RULING ON**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This is a lawsuit filed by the Plaintiff, Colin S. Smith, against the United States. Mr. Smith claims that as he was going through TSA screening, a bin containing his $200 Nike Air Max Plus sneakers fell off the conveyer belt and to the floor, and another passenger walked away with the sneakers.[1] He has filed suit pursuant to the Federal Tort Claims Act, asking for a $200 judgment against the United States.[2] He has also moved for leave to proceed *in forma pauperis*, or "IFP."[3]

When a plaintiff seeks permission to begin a lawsuit IFP – that is, without paying the filing fee – the court ordinarily conducts two inquiries. First, it reviews the plaintiff's financial affidavit and determines whether he is unable to pay the fee.[4] Second, to ensure that the plaintiff is not abusing the privilege of filing a free lawsuit, the court examines his complaint to determine

1 Complaint, Docket No. 1, at paras. 10-14.
2 Complaint, Docket No. 1, at para. 1 & p. 5.
3 Application to Proceed *In Forma Pauperis*, Docket No. 2.
4 28 U.S.C. § 1915(a).

whether it "is frivolous" or "fails to state a claim on which relief may be granted."[5] If the complaint is indeed frivolous or fails to state a claim, the court must dismiss the case.[6]

United States District Judge Kari A. Dooley referred this case to me – United States Magistrate Judge Thomas O. Farrish – to conduct these two inquiries.[7] I have thoroughly reviewed the complaint, the IFP motion, and the accompanying financial affidavit. In the first step of the analysis, **I recommend that Judge Dooley deny the IFP motion** because Mr. Smith has not shown an inability to pay the filing fee. And because Mr. Smith has not yet passed the first inquiry, I do not reach the second inquiry at this time,

## I. The Applicable Legal Standards

Ordinarily when a plaintiff files a complaint in federal court, he must pay fees totaling $405.00, consisting of a $350.00 filing fee and a $55.00 administrative fee.[8] District courts may nevertheless authorize commencement of an action "without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees."[9] When a court allows a plaintiff to proceed this way, he is said to be proceeding "*in forma pauperis*," which is a Latin phrase meaning "in the manner of a pauper" or poor person.[10]

---

5 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

6 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

7 Order of Referral, Docket No. 10.

8 28 U.S.C. § 1914.

9 28 U.S.C. § 1915(a)(1); *see also Coleman v. Tollefson,* 575 U.S. 532, 534 (2015) (plaintiffs who qualify for IFP status "may commence a civil action without prepaying fees or paying certain expenses").

10 *Anderson v. Davis*, No. 3:26-cv-400 (SVN) (TOF), 2026 WL 2268253, at *2 n.23 (D. Conn. Aug. 6, 2026), *report and recommendation approved and adopted*, slip op. (D. Conn. Aug. 31, 2026) (quoting Black's Law Dictionary (8th ed.) at p. 794).

To qualify as "unable to pay," the plaintiff does not have to demonstrate absolute destitution, but he does need to show that "paying such fees would constitute a serious hardship."[11] The United States Supreme Court has said that a plaintiff makes a "sufficient" showing of inability to pay when his application demonstrates that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and [his] dependents with the necessities of life."[12] In other words, the plaintiff does not have to show that he is without a penny to his name, but he does need to show that paying the $405 fee would interfere with his ability to support himself and his family. The idea behind this rule is that "no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life."[13]

In considering whether a plaintiff has made that showing, courts often look to the poverty guidelines published by the United States Department of Health and Human Services. In *Fuentes v. United States*, for example, the Court of Federal Claims concluded that the plaintiff would face a "serious hardship" if forced to pay the filing fee, because his income as "not significantly above poverty level."[14] And in *Potnick v. Eastern State Hospital*, the Court of Appeals for the Second Circuit likewise concluded that the plaintiff was entitled to proceed IFP because his monthly income was "significantly below poverty level."[15] Conversely, judges in this District have repeatedly denied IFP motions when the plaintiff's income was meaningfully above that level.[16]

---

[11] *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007).

[12] *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

[13] *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

[14] *Fuentes v. United States*, 100 Fed. Cl. 85, 92 (2011).

[15] *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

[16] *E.g., Furst v. Connecticut,* No. 3:23-cv-569 (KAD) (TOF), 2023 WL 11852428, at *2-3 (D. Conn. June 12, 2023), *report and recommendation adopted*, slip op. (D. Conn. Aug. 2, 2023); *DiCarlo v. Secretary of Health and Human Services,* No. 3:23-cv-139 (AWT) (TOF), 2023 WL 11852421, at *1-2 (D. Conn. Feb. 15, 2023), *report and recommendation accepted*, slip op. (D. Conn. May 17, 2023); *Andrews v. U.S. Bank National Association*, No. 3:22-cv-456 (OAW)

Again, plaintiffs do not have to show absolute destitution in order to obtain a fee waiver.[17] But courts look at the federal poverty guidelines as a way of reserving IFP status for people who, if they were forced to pay the fee, would truly lack for necessities like food or shelter.[18] The IFP statute is not meant for higher-income people who would find it inconvenient to pay $405 because they also have a lot of expenses.[19]

## II. Applying These Principles to Mr. Smith's Case

In his IFP affidavit, Mr. Smith says that he and his spouse receive a combined $13,587 in gross pay per month.[20] Their gross annual income therefore works out to $163,044, or over seven times the poverty threshold for a household of two.[21] Mr. Smith nevertheless claims that he is unable to pay the filing fee because his "monthly expenses exceed [his] income and [his] available liquid assets are limited," claiming that he and his spouse spend approximately $14,351 per month.[22] But at least some of Mr. Smith's claimed expenses appear to be discretionary or excessive. He claims that he and his spouse spend $400 per month on home maintenance; $421 per month on clothing, laundry, and dry-cleaning; $205 per month on recreation and entertainment;

(TOF), 2022 WL 2287689, at *1-2 (D. Conn. Apr. 8, 2022), *recommendation adopted*, slip op. (D. Conn. Apr. 26, 2022).

[17] *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

[18] *Andrews v. U.S. Bank National Association*, No. 3:22-cv-456 (OAW) (TOF), 2022 WL 2287689, at *1-2 (D. Conn. Apr. 8, 2022), *recommendation adopted*, slip op. (D. Conn. Apr. 26, 2022).

[19] *See, e.g., Hagan v. Credit Union of America*, No. 11-1131-JTM, 2011 WL 13237545, at *1 n.1 (D. Kan. June 20, 2011) (recommending denial of IFP motion by plaintiff with $35,000 annual income, even though that income was "consumed by her mortgage, utilities, car insurance, food, gasoline, and household upkeep[,]" because "many of these expenditures reflect lifestyle choices rather than an 'impoverished' status").

[20] Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 2.

[21] The Annual Update of the Poverty Guidelines promulgated by the Department of Health and Human Services most recently set the poverty guidelines for a two-person household in the 48 contiguous States at $21,640. https://www.federalregister.gov/documents/2026/01/15/2026-00755/annual-update-of-the-hhs-poverty-guidelines.

[22] Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 5.

$1,124 per month on motor vehicle leases; $4,419 per month on credit card installment payments; and $850 per month on installment payments to "Amazon, Home Depot, etc."[23] Although courts will consider a plaintiff's expenses as compared to their income, "[i]f it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application."[24] If Mr. Smith would prefer to spend money on other things rather than pay a filing fee, that is his decision to make. But it would be inappropriate to ask the public to bear the cost of that decision.[25]

In addition to his income, Mr. Smith also discloses several assets. To begin with, he has $6,169 in a checking account and $100 in cash on hand, more than fifteen times the filing fee.[26] He also owns a condominium in Windsor which he states is worth $300,000. Although he does not state how much equity he has in the home, the Court notes that he appears to have purchased

---

23 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 4.

24 *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quotation marks and brackets omitted).

25 *See McKinley County Bd. of Cty. Com'rs*, 425 F. App'x 723, 732 (10th Cir. 2011) (summary order) (adopting district court's reduction of claimed monthly expenses by amounts that were excessive or not for necessities); *Williams v. Dallas Cty. Cts.*, No. 3:25-cv-02997-G (BT), 2025 WL 3532425, at *1 (N.D. Tex. Nov. 6, 2025) (denying IFP application when the plaintiff's expenses exceeded his income, noting that some of the claimed expenses were "discretionary and/or excessive"), *report and recommendation adopted*, No. 3:25-cv-2997-G-BT, 2025 WL 3530950 (N.D. Tex. Dec. 9, 2025); *Hodges v. Comm'r of Soc. Sec.*, No. 1:21-cv-01122 (SAB), 2021 WL 4061137, at *2 (E.D. Cal. Aug. 6, 2021) (denying IFP application that contained expenses which "appear[ed] excessive in relation to a claim of entitlement to proceed" IFP).

26 Application to Proceed *In Forma Pauperis*, Docket No. 2, at page 2.

the home in December 2001,[27] and it therefore seems likely that his equity is considerable. Courts routinely deny IFP status to people with substantial equity in their homes.[28]

Mr. Smith and his spouse earn a combined income that meaningfully exceeds the federal poverty guidelines. While he claims that his expenses exceed that income, many of the expenses he claims appear excessive and discretionary. In addition, Mr. Smith owns significant assets, and he has $6,169 in a checking account. On the record before me, I cannot conclude that this is a case in which paying a $405 fee would present Mr. Smith with a choice "between abandoning a potential meritorious claim or foregoing the necessities of life."[29]

## III. Conclusion and Recommendation

For the foregoing reasons, I recommend that Judge Dooley deny Mr. Smith's IFP motion. If my recommendation is accepted, this would mean that Mr. Smith would be required to pay the filing fee or his case could be dismissed.[30]

This has been a "recommended ruling" by a United States Magistrate Judge. Mr. Smith has the right to lodge an objection to my recommendation with his presiding District Judge, Judge

---

[27] The Windsor assessor records, which may be accessed at https://propertycards.windsorct.gov/, show Mr. Smith as the record owner of the home as of December 3, 2001. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (holding that a court may "take judicial notice of relevant matters of public record"); *V.W. v. Yale Univ.*, No. 3:22-cv-1156 (KAD) (TOF), slip op. at 4 n.2 (D. Conn. Sept. 28, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Oct. 20, 2022) (taking notice of online property tax assessor records).

[28] *See, e.g., Murphy v. PHH Mortgage Servicers*, No. 3:23-cv-1552 (KAD) (TOF), 2024 WL 2864218, at *2 (D. Conn. Jan. 23, 2024), *report and recommendation adopted*, slip op. (D. Conn. May 15, 2024); *Witt v. Stefonski*, No. 22-cv-1489 (KAD) (TOF), 2022 WL 22863353, at *2-3 (D. Conn. Dec. 28, 2022), *report and recommendation approved and adopted*, slip op. (D. Conn. Feb. 3, 2023).

[29] *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

[30] *See, e.g.*, *Richardson v. Napoli*, No. 9:09-cv-1440 (TJM) (DEP), 2010 WL 1235383 (N.D.N.Y. Mar. 30, 2010) (dismissing case where plaintiff had neither obtained IFP status nor paid the filing fee).

Dooley. **<u>If he wishes to do so, however, he must file that objection in writing with the Clerk of the Court by October 5, 2026</u>**.[31] If Mr. Smith does not file a timely objection, he may not thereafter assign as error any claimed defect in this recommended ruling.[32] Failure to file a timely objection will also preclude appellate review.[33] **<u>If Mr. Smith does not wish to file a timely objection, he is directed to pay $405 to the Clerk of the Court. He is respectfully advised that if he neither objects nor pays the filing fee, his case may be dismissed.</u>**

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge

---

31 Fed. R. Civ. P. 72(b)(2) (stating that objections to Magistrate Judges' recommended dispositions shall be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for plaintiffs who, like Mr. Smith, will receive notice of the recommended disposition by mail).

32 D. Conn. L. Civ. R. 72.2(a).

33 *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *accord Impala v. U.S. Dep't of Justice*, 670 F. App'x 32 (2d Cir. 2016) (summary order).